435-07/MEU/MAM
FREEHILL HOGAN & MAHAR, LLP
Attorneys for Plaintiff
JS OCEAN LINERS INC.
80 Pine Street
New York, NY 10005
(212) 425-1900
(212) 425-1901 fax
Michael E. Unger (MU 0045)
Manuel A. Molina (MM 1017)



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------x

**07 CIV 7851**

JS OCEAN LINERS INC.,

          Plaintiff,

          -against -

DAO CONSTRUCTION PTY. LTD.,

          Defendant.
----------------------------------------------------------x

**07 CIV   (  )**

**<u>VERIFIED COMPLAINT</u>**

     Plaintiff JS OCEAN LINERS INC. ("JS OCEAN") through its attorneys Freehill Hogan

& Mahar, LLP, as and for its Verified Complaint against Defendant DAO CONSTRUCTION

PTY. LTD. ("DAO"), alleges upon information and belief as follows:

     1.     This is an admiralty and maritime claim within the meaning of Rule 9(h) of the

Federal Rules of Civil Procedure in that it involves a claim for the breach of a maritime contract

by Defendant.  The case also falls within the Court's admiralty and maritime jurisdiction

pursuant to 28 U.S.C. §1333. Jurisdiction is also proper pursuant to the Court's federal question

jurisdiction pursuant to 28 U.S.C. §1331.  Federal jurisdiction also exists because the action

arises under the New York Convention on the Recognition and Enforcement of Foreign Arbitral

Awards at 9 U.S.C. §201 *et seq.* and/or the Federal Arbitration Act, 9 U.S.C. §1 *et seq.*

2.      At all times relevant hereto, Plaintiff JS OCEAN was and still is a domestic business entity duly organized and existing under the laws of one of the United States of America with a place of business at 1230 Highway 34, Aberdeen, New Jersey 07747.

3.      At all times relevant hereto, Defendant DAO was and still is a foreign business entity duly organized and existing under the laws of a foreign country with a registered office at P.O. Box 2100, Hawally 32021, Kuwait.

4.      On or about August 22, 2005, JS OCEAN, as disponent owner, and DAO, as charterer, entered into a maritime contract on a GENCON charter party form for the use and operation of the M/V ABOUDI ("the charter party").  The charter party contemplated the carriage of a cargo of 8300 M/T (+/- 3%) of bagged cement in 50 kgs bags from Kandla, India to Uhm Qasr/Khor Zubair, Iraq at charterer's option.

5.      JS OCEAN duly tendered the vessel which commenced operating under the command of DAO.  JS OCEAN therefore fully complied with its obligations under the charter party.

6.      The charter party charter party required that all disputes between JS OCEAN and DAO be referred to arbitration in London, with English law to apply.

7.      Disputes arose between JS OCEAN and DAO under the charter party regarding unpaid demurrage and port costs owed by DAO.  Thereafter, in accordance with the terms of the charter party, the disputes were submitted to London arbitration.

8.      On or about November 17, 2006, the sole London arbitrator issued a Final Arbitration Award in JS OCEAN's favor and against DAO awarding JS OCEAN damages on all its claims, together with compounded interest thereon and costs.  A copy of the award is attached hereto as Exhibit 1.

9.     Despite due demand, the amounts awarded to JS OCEAN in London arbitration remain due and outstanding.

10.     This action is brought to obtain jurisdiction over Defendant DAO and to enforce the London arbitration award.  This action is further brought to obtain security for any additional sums to cover Plaintiff's anticipated attorneys' fees and costs in these proceedings.

11.     After investigation, Defendant DAO cannot be "found" within this District for the purpose of Rule B of the Supplemental Rules of Certain Admiralty and Maritime Claims, but Plaintiff is informed that Defendant has, or will shortly have, assets within this District comprising, *inter alia*, cash, funds, credits, debts, wire transfers, accounts, letters of credit, freights, sub-freights, charter hire and/or sub-charter hire, of, belonging to, due or for the benefit of Defendant ("ASSETS"), including but not limited to ASSETS at, being transferred through, or being transferred and/or wired to or from banking institutions or such other garnishees who may be served with a copy of the Process of Attachment issued herein.

13.     As nearly as presently can be computed, the total amount sought to be attached pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims by JS OCEAN against DAO includes:

(i)      Final Arbitration Award on the Merits concerning the unpaid demurrage claim in the sum of $56,681.24 (Award at p. 3(A));

(ii)     Final Arbitration Award on the Merits concerning the unpaid port costs in the sum of $32,459.36 (Award at p. 3(A));

(iii)    Final Arbitration Award on the Merits concerning interest on the above sums ($56,681.24 + $32,459.36 = $89,140.60), calculated from November 1, 2005 to September 4, 2007 (date of filing this complaint), at the rate of 6.75% per annum compounded quarterly, in the sum of $11,691.02 and

continuing to accrue until payment by the Defendant is made (Award at p. 3(B));

(iv)    Final Arbitration Award on the Merits concerning the arbitrator's fees in the sum of £3,450 (or $6,900 at the exchange rate of 1GBP = 2.00 USD) (Award at p. 3(D));

(v)    Final Arbitration Award on the Merits concerning interest on the above sum, calculated from November 17, 2006 to September 4, 2007, at the rate of 6.75% per annum compounded quarterly, in the sum of $378.23, and continuing to accrue until payment by the Defendant is made (Award at p. 3(D));

(vi)    Final Arbitration Award on the Merits concerning the payment of legal expenses incurred by Plaintiff in the London arbitration in the sum of $8,280 (Award at p. 3(C));

(vii)    Final Arbitration Award on the Merits concerning interest on the above sum, calculated from November 17, 2006 to September 4, 2007, at the rate of 6.75% per annum compounded quarterly in the sum of $453.87, and continuing to accrue until payment by Defendant (Award at p. 3(C));

(viii)    Estimated attorneys' fees and costs in connection with these proceedings in the sum of $15,000.

WHEREFORE, Plaintiff JS OCEAN LINERS INC. prays:

a.    That process in due form of law according to the practice of this Court may issue against Defendant DAO CONSTRUCTION PTY. LTD., citing it to appear and answer the foregoing, failing which a default will be taken against it for the principal amount of the claim of $116,843.72, plus attorneys' fees and costs;

b.    That if the Defendant cannot be found within this District pursuant to Supplemental Rule B, all tangible or intangible property of the Defendant as described herein, up to and including the amount of the claims of **$131,843.72,** be

restrained and attached, including, but not limited to any cash, funds, credits, debts, wire transfers, accounts, letters of credit, freights, charter hire, sub-charter hire, and/or other assets of, belonging to, due, held or being transferred to or for the benefit of the Defendant (collectively hereinafter "ASSETS") including, but not limited to such ASSETS as may be held, received or transferred in its own name or as may be held, received or transferred for its benefit at, through or within the possession, custody or control of banking institutions and any other garnishees upon whom a copy of the Process of Maritime Attachment and Garnishment issued herein may be served;

c.  That the Court enter an order confirming the Awards as a judgment of this Court; and

d.  That Plaintiff have such other, further and different relief as this Court may deem just and proper.

Dated: New York, New York
       September 6, 2007

                          FREEHILL HOGAN & MAHAR, LLP
                          Attorneys for Plaintiff
                          JS OCEAN LINERS INC.

         By:     _____
                          Michael E. Unger (MU 0045)
                          Manuel A. Molina (MM 1017)
                          80 Pine Street
                          New York, NY  10005

EXHIBIT 1

IN THE MATTER OF AN ARBITRATION
AND
IN THE MATTER OF THE ARBITRATION ACT 1996


BETWEEN:


JS OCEAN LINER INC

(Claimants)



and



DAO CONSTRUCTION PTY LTD

(Respondents)

MV ABOUDI
CHARTERPARTY DATED 22nd AUGUST 2005


---

**Second Final Arbitration Award**

---


WHEREAS


1. By a charterparty on the Gencon Form the vessel Aboudi was chartered by her disponent owners, JS OCEAN LINE (hereinafter referred to as Claimants) to Dao Enterprises Pvt Ltd, as charterers (hereinafter referred to as Respondents)

1

upon terms and conditions as set out therein. Disputes arose between the Claimants and Respondents which were referred to arbitration.

2. I , Benjamin John Horn of 1 Back Hill London EC1 R5EN was appointed as arbitrator by the Claimants on 6th December 2006, an appointment that I accepted. Subsequently, on 20th February 2006 I issued an award in which I found that I Benjamin John Horn had been validly appointed as sole arbitrator by the Claimants herein. No challenge or objection to my first award having been made I have in accordance with my first Final Award and with the agreement of the parties proceeded as sole arbitrator in this reference.

3. Submissions were served on behalf of the Claimants by the Chambers of George Rebello by letter dated April 20th 2006 which was responded to on behalf of the Respondents on the same day.

4. The Claimants herein then served Reply submissions by their letter of 16th May 2006.

5. By my first procedural order for directions dated 13th July 2006, after receiving answers to LMAA questionnaires, I made certain orders relating to the procedural aspects of this reference which allowed for the service of witness evidence and made orders concerning disclosure. I further ordered, with the consent of both Claimants and Respondents that the Reference was to be determined on documents alone without an oral hearing.

6. As it turned out neither party adduced any witness evidence though the head charter was disclosed at the request of the Respondents by the Claimants. Despite being given an opportunity to make further submissions neither party chose so to do and both parties by their respective messages of 31st October 2006 agreed that I should proceed to this my Second Final Arbitration Award.

7. Neither party requested that I issue reasons for my award.

8. The Claimants claimed, inter alia, the sums of USD 32,459.36 towards port costs incurred by owners and the sum of USD 56,681.24 towards demurrage payable on the MV Aboudi. They relied upon an estimate issued by Inchcape shipping services in relation to the vessels call at port Umm Qasr and the fact that they paid these costs, payment of which they said was the primary obligation of the Respondents so as to avoid further delay to the vessel and under protest.

9. With regard to the demurrage claim they relied upon the calculations of laytime attached as Annexe D to their claim submissions. They contended that the issue of the bill of lading showing Umm Qasr as discharge port was a valid nomination and was something that once nominated could not be changed absent special circumstances. Alternatively they maintained that in the event the nomination was invalid they could not in any event comply with Respondents instructions to discharge the cargo at Khor Zubair because that port was unsafe at the material time.

2

10. The Claimants further claimed interest and costs as well as certain further relief relating to alleged failure of the Respondents to agree recoverable costs with the Claimants following the publication of my first final arbitration award.

11. The Respondents denied liability in respect of both the claim for port costs and demurrage on the vessel on the basis that the vessel had in breach of contract discharged the cargo at the port of Umm Qasr instead of the contractually agreed port of Khor Zubair.

12. The Respondents did not take issue with the calculation of demurrage nor do they take issue with the amount of the claim in respect of port expenses paid by the Claimants. They put forward no alternative calculations or figures but simply deny any liability.

NOW I, the said Benjamin John Horn , having thoroughly and conscientiously read and considered the submissions and documents submitted to me ,weighed the evidence and reached a decision ,DO NOW MAKE ISSUE AND PUBLISH, this my Second Final Arbitration Award, as follows:

A) I FIND HOLD AND DECLARE that the Claimants succeed in their claim in respect of demurrage in the sum of USD 56,681.24 and their claim to port expenses in the sum of USD 32,459.36 and that the Respondents shall forthwith pay to the Claimants USD 89,140.60.

B) The Respondents shall in addition pay to the Claimants interest at 6.75% per annum compounded at three monthly rests on the sum of USD 89,140.60 from 1st November 2005 until the date of payment.

C) I AWARD AND ADJUDGE that the Respondents are to bear and pay their own and the Claimants costs in the Reference, I reserving to myself the power to assess and determine those costs if they are not agreed together with compound interest on such costs at the rate of 6.75% per annum/pro rata with rests every three months from the date of this my Second Final Arbitration Award until the date of payment by the Respondents.

D) I FURTHER AWARD AND ADJUDGE that the Respondents shall bear and pay the costs of this my Second Final Arbitration Award which I hereby determine, assess and settle in the sum of £3450 (Three thousand four hundred and fifty pounds sterling) provided always that if in the first instance the Claimants shall have paid for all or any part of the costs of this Award they shall be entitled to immediate reimbursement from the Respondents of the sum so paid together with compound interest thereon from the date of payment by the owners until reimbursement by the charterers at the rate of 6.75% per annum/pro rata with rests every three months.

E) I DECLARE THAT THIS AWARD IS FINAL as to the matters hereby determined but interim in the reference and I HEREBY RESERVE unto me the power to make a further award or awards as

3

may be appropriate in respect of all remaining differences between the parties.

Given under my hand in London this 17th day of November 2006

Benjamin John Horn

Witness

4

## ATTORNEY VERIFICATION

State of New York    )
                     ) ss.:
County of New York   )

MICHAEL E. UNGER, being duly sworn, deposes and says:

1.      I am a member of the law firm of Freehill Hogan & Mahar, LLP, attorneys for the Plaintiff in this action. I have read the foregoing Verified Complaint and know the contents thereof, and the same is true to the best of my knowledge, information and belief.

2.      The sources of my information and the grounds for my belief are communications from our client and documents provided by our client regarding this claim.

3.      The reason this verification is made by an attorney and not by the Plaintiff is because the Plaintiff is a domestic entity, none of whose officers are presently within the State of New York.

_____
Michael E. Unger

Sworn to before me this
6th day of September, 2007

_____
NOTARY PUBLIC

MELISSA COLFORD
Commissioner of Deeds
City of New York-No. 5-1692
Certificate Filed in New York
Commission Expires 4/1/ 08

NYDOCS1/289451.1                                6